**LAMONICA HERBST & MANISCALCO, LLP**　　　　　　　Hearing Date:　September 21, 2020 at 10:00 a.m.
3305 Jerusalem Avenue, Suite 201　　　　　　　　　　　Objections by:　September 14, 2020
Wantagh, New York 11793
(516) 826-6500
Melanie A. FitzGerald, Esq.
*Attorneys to The NSJ Group II LTD d/b/a Edible Arrangements*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:　　　　　　　　　　　　　　　　　　　　　Chapter 11

THE NSJ GROUP II LTD.　　　　　　　　　　　　　Case No.: 19-77392-REG
D/B/A EDIBLE ARRANGEMENTS,

　　　　　Debtor.
---------------------------------------------------------------x

**SUMMARY SHEET FOR FIRST AND FINAL APPLICATION OF LAMONICA HERBST & MANISCALCO, LLP, AS ATTORNEYS TO THE CHAPTER 11 DEBTOR, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Total Final Compensation Requested:　　　　　　　　　　　$　　38,950.00
Total Final Reimbursement of Expenses Requested:　　　　　$　　　2,298.40
Total Amount Requested:　　　　　　　　　　　　　　　　$　　41,248.40
Application Period: February 7, 2019 through May 15, 2019

The following attorney provided services in connection with this application:

| **Name of Professional** | **Year Admitted in New York** | **Hours Billed** | **Rate/Hour** | **Total Billed** |
|---|---|---|---|---|
| Salvatore LaMonica, Esq. (SL) Member | 1989 | 6.90 | $635.00 | $4,381.50 |
| Melanie A. FitzGerald, Esq. (MF) Partner | 1991 | 63.10 | $460.00 | $29,026.00 |
|  |  | 2.00 | $230.00 | $460.00 |
| Michael T. Rozea, Esq. (MTR) Associate (former) | 2010 | .90 | $425.00 | $382.50 |
| **TOTALS:** |  | **72.90** |  | **$34,250.00** |

The blended hourly rate for attorneys in connection with this application is $469.82.

In addition, the following legal assistants provided services in connection with this application:

| **Name of Para-Professional** | **Hours Billed** | **Rate/Hour** | **Total Billed** |
|---|---|---|---|
| Danielle George (DG) Paralegal | 23.50 | $200.00 | $4,700.00 |
|  |  |  |  |
| **TOTALS:** | **23.50** |  | **$4,700.00** |

| | |
|---|---|
| **LaMonica Herbst & Maniscalco, LLP**<br>3305 Jerusalem Avenue, Suite 201<br>Wantagh, New York 11793<br>(516) 826-6500<br>Melanie A. FitzGerald, Esq.<br>*Attorneys to The NSJ Group II LTD d/b/a Edible Arrangements* | Hearing Date:   September 21, 2020 at 10:00 a.m.<br>Objections by:   September 14, 2020 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                  Chapter 11

THE NSJ GROUP II LTD.                                  Case No.: 19-77392-REG
D/B/A EDIBLE ARRANGEMENTS,

          Debtor.
-------------------------------------------------------------x

## FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF LAMONICA HERBST & MANISCALCO, LLP <u>AS ATTORNEYS TO THE CHAPTER 11 DEBTOR</u>

**To:**    **The Honorable Robert E. Grossman,**
        **United States Bankruptcy Judge**
        **United States Bankruptcy Court**
        **Eastern District of New York:**

      LaMonica Herbst & Maniscalco, LLP ("<u>LH&M</u>"), as counsel to The NSJ Group II LTD d/b/a Edible Arrangements, the Chapter 11 debtor and debtor-in-possession ("<u>Debtor</u>" or "<u>NSJ</u>"), as and for its first and final application (the "<u>Application</u>") for the entry of an order, pursuant to 11 U.S.C. § 330, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Local Bankruptcy Rule 2016-1, awarding and approving a first and final compensation for services rendered to the Debtor during the period October 28, 2019 through August 27, 2020, ("<u>Application Period</u>") in the amount of $38,950.00[1], together with

---

[1]     As further stated herein, the Debtor paid a pre-petition retainer to LH&M in the amount of $17,500.00, plus the petition filing fee of $1,717.00. This Application covers the Application Period of October 28, 2019 through and including August 27, 2020. Prior to the Petition Date (as defined herein), LH&M applied the sum of $3,617.50 towards the pre-petition services rendered leaving a balance of the unused portion of the retainer, as of the Petition Date, of $13,882.50 to be applied toward fees requested herein.

reimbursement of expenses in the amount of $2,298.40, for a total award of $41,248.40.

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this case and this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3.  Venue of this case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory predicates for the relief sought herein include § 330 of the Bankruptcy Code, Bankruptcy Rule 2016, and E.D.N.Y. LBR 2016-1.

## LH&M'S APPLICATION

5.  During the Application Period, LH&M expended 96.40 hours rendering professional services to the Debtor. The blended hourly rate for the services performed in this case is $469.82 per hour. LH&M is also seeking reimbursement of expenses in the amount of $2,298.40 necessarily and reasonably incurred in the performance of its duties on behalf of the Debtor.

6.  LH&M seeks the entry of an order awarding and allowing its legal fees and reimbursement of expenses in full, on a final basis, pursuant to 11 U.S.C. §330. LH&M also seeks authorization to apply the balance of the retainer in the sum of $13,882.50 received from the Debtor pre-petition to the legal fees requested and authorization to apply the petition filing fee of $1,717.00 to the request for reimbursement of expenses. Therefore, upon approval, LH&M seeks payment of $25,067.50 for its legal fees and reimbursement of expenses in the amount of $581.40, for a total award of $25,648.90.

## BACKGROUND

7.  On October 28, 2019 ("Petition Date"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code in the United States

Bankruptcy Court for the Eastern District of New York ("Court").

8. The Debtor has continued in the management of its business and the operation of its affairs and property as a debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9. No Trustee or Examiner has been appointed and, upon information and belief, no Official Committee of Unsecured Creditors has been formed.

10. The Debtor has timely filed its schedules and statements as required under Bankruptcy Rule 1007. Moreover, the Debtor has appeared at the meeting of creditors in accordance with section 341(a) of the Bankruptcy Code.

11. By Order entered December 18, 2019, the Court approved the retention of LH&M as its bankruptcy counsel pursuant to section 327(a) of the Bankruptcy Code. See Dkt. No. 19.

12. The Debtor is a New York corporation which operates as a franchisee with an Edible Arrangements Business ("Business"). The Business sells sculpted fruit floral arrangements, gift baskets made with fresh fruit, dipped fruit, fruit smoothies, fresh juices, fruit salads, fruit sundaes, fruit pops, fruit and yogurt products, and other fruit-related products.

13. The Debtor operates its Business from its location located at 80A West Main Street, Babylon, New York 11702 ("Premises"). The Premises is leased ("Lease") by the Debtor from Babylon Commons, LLC ("Landlord").

14. Prior to the Petition Date, NSJ was engaged in litigation with the Landlord which was pending, on the Petition Date, in the Second District Court of the County of Suffolk, State of New York. The litigation is captioned Babylon Commons, LLC v. NSJ Group II d/b/a Edible Arrangements and James Guercio and assigned Index No.: 1059-19 ("Landlord Action").

15. The Debtor's Chapter 11 filing was precipitated by, among other things the Landlord Action. The Debtor's assets consist primarily of the Lease and the franchise Business

16. At the time of the filing, the Debtor contemplated proposing a plan of reorganization that may have included a marketing and sale process for a sale of the Business. A sale of the Business would also include an assignment of the Lease.

17. COVID-19 kept the Debtor's Business operational during the pandemic as New York State was for all intents and purposes under a shelter in place with New Yorkers asked to stay at home. This resulted in limited access to food.

18. The Debtor was fortunate to be able to retain its employees and service and deliver the many orders that were placed for the Debtor's product.

19. The current COVID-19 pandemic continues to have a direct impact on the Debtor's ability to market and sell and has also had a corresponding immediate financial impact on the pool of potential interested parties.

## **RELIEF REQUESTED**

20. This is LH&M's first and final application for the allowance of fees and expenses in connection with its representation of the Debtor in this case. All of the services for which compensation is sought herein were rendered for and on behalf of the Debtor and not on behalf of any other person or entity. All services for which compensation and reimbursement of expenses that is requested by LH&M were performed for, and on behalf of the Debtor and the Debtor's estate.

21. By this Application, LH&M seeks an award for final compensation and reimbursement of expenses as follows: (a) an allowance of compensation for legal services rendered as counsel to the Debtor during the Application Period in the amount of $38,950.00

("Fee Request"), representing 96.40 hours in professional services; and (b) reimbursement of actual and necessary expenses incurred during the Application Period in the amount of $2,298.40 ("Expense Request" and, together with the Fee Request, the "Request").

22. LH&M is a firm comprised of ten (10) attorneys and two (2) para-professionals concentrating in the practice of, among other specialties, bankruptcy and insolvency related matters. In this regard, LH&M has extensive experience representing Chapter 11 debtors in bankruptcy proceedings before the Bankruptcy Courts in both the Eastern and Southern Districts of New York. As a result of LH&M's extensive experience, LH&M submits that the services it rendered to the Debtor in the instant case, as set forth below, were efficient, economical and beneficial to the Debtor's estates and its creditors.

23. LH&M maintains written records of time spent by attorneys performing legal services on behalf of the Debtor. Such time records are made contemporaneously with the rendering of services by the person rendering such services and in the ordinary course of the LH&M's practice. The records reflect the name of the attorney, the date on which the services were performed, the services rendered and the amount of time spent performing the services during the Application Period. Copies of LH&M's time records are annexed hereto as **Exhibit B.**

24. As set forth in LH&M's time records, the following attorneys billed time at the rates listed below during the Application Period:

| **Name of Professional** | **Year Admitted in New York** | **Hours Billed** | **Rate/Hour** | **Total Billed** |
|---|---|---|---|---|
| Salvatore LaMonica, Esq. (SL) Member | 1989 | 6.90 | $635.00 | $4,381.50 |
| Melanie A. FitzGerald, Esq. (MF) Partner | 1991 | 63.10 | $460.00 | $29,026.00 |
| | | 2.00 | $230.00 | $460.00 |
| Michael T. Rozea, Esq. (MTR) Associate (former) | 2010 | .90 | $425.00 | $382.50 |

| | | 72.90 | $34,250.00 |
|---|---|---|---|
| **TOTALS:** | | **72.90** | **$34,250.00** |

25. In addition, the following legal assistants provided services in connection with this application:

| **Name of Para-Professional** | **Hours Billed** | **Rate/Hour** | **Total Billed** |
|---|---|---|---|
| Danielle George (DG) Paralegal | 23.50 | $200.00 | $4,700.00 |
| | | | |
| **TOTALS:** | **23.50** | | **$4,700.00** |

26. LH&M also maintains records of all actual and necessary out-of-pocket expenses it incurs. Annexed hereto as **Exhibit C** is a schedule reflecting the categories of expenses and amounts for which reimbursement is requested by LH&M, including the date incurred, and a description of the expense.

## SUMMARY OF SERVICES RENDERED

27. The summary that follows provides an overview of the significant tasks performed by LH&M during the Application Period. The primary services rendered by LH&M during the Application Period are grouped together in the categories set forth below which categories correspond with LH&M's time records.

### A. Case Administration [51.40 hours]

28. LH&M assisted the Debtor and directed all case administration matters in this case for the Application Period.

29. LH&M assisted the Debtor with the compilation and review of all information and documents necessary to prepare and file the schedules and statement of financial affairs in this case.

30. LH&M assisted the Debtor with the preparation and filing of its amended schedules.

31. LH&M conferred with the Debtor on an almost daily basis regarding business operations and advised the Debtor as to all obligations as a debtor in possession.

32. LH&M conferred with the Debtor concerning, and assisted the Debtor with, the information necessary for the Debtor to prepare the monthly operating reports in this case.

33. LH&M counseled the Debtor with respect to and monitored compliance with US Trustee quarterly fee obligations.

34. LH&M assisted the Debtor with the opening and use of its DIP bank accounts and the transfer of funds from and closing of its pre-petition accounts.

35. LH&M prepared the Debtor for, and appeared with the Debtor at, the Initial Debtor Interview with the Office of the United States Trustee.

36. LH&M counseled the Debtor with respect to and appeared at the section 341 meeting of creditors.

37. LH&M prepared, filed and served an application for an Order establishing last date for filing proofs of claim or interest and approving form and manner of service (the "Bar Date Application"). See Dkt. No. 32.

38. The Bar Date Application was approved and LH&M effectuated service as directed in the Order to Set the Bar Date. See Dkt. Nos. 33 and 34.

39. LH&M communicated with creditors of the Debtor's estate and communicated with the Debtor's vendors.

40. LH&M also communicated with interested parties for a sale of the Business.

41. LH&M attended the Initial Case Conference and thereafter, attended all status conferences before the Court in this case.

B.     **Lease Issues and Matters [11.70 hours]**

42. The Landlord Action was commenced as a Petition for Non-Payment with a wherefore clause that sought, *inter alia,* NSJ's eviction from the Premises.

43. The appearance date for the Landlord Action was October 29, 2019 but was ultimately stayed by virtue of the Debtor's bankruptcy filing.

44. The term for the Lease which was executed August 1, 2015 is for a period of ten (10) years and currently expires July 31, 2025. There is an option to extend the Lease for an additional five (5) year term. Pursuant to the Lease, the current monthly base rent is $2,971.00.

45. By Order of the Court dated February 25, 2020, the time for the Debtor to assume, assume and assign or reject the lease was extended for a period of ninety days from February 25, 2020 through and including May 25, 2020. See Dkt. No. 28.

46. By Stipulation with the Landlord which was So Ordered by the Court on May 27, 2020, the time for the Debtor to assume, assume and assign or reject the Lease was extended through and including July 27, 2020. See Dkt. No. 31.

47. LH&M prepared, filed and served a motion authorizing and approving the Debtor's assumption of a certain non-residential property lease. See Dkt. No. 39.

48. By Order of the Court entered July 2, 2020, the Debtor was authorized to assume the non-residential real property Lease for the Premises and cure the defaults under the Lease. See Dkt. No. 41.

49. The cure amount has been tendered to the Landlord and the Landlord Action is now moot.

50. LH&M worked with the Landlord and was able to preserve the Lease- a significant asset of the Debtor.

### C. Motions [9.30 hours]

51. LH&M prepared, filed and served a motion that sought the entry of an Order, pursuant to 11 U.S.C. § 365(d)(4)(B), to extend the time within which the Debtor must elect to assume, assume or assign, or reject its unexpired lease of non-residential real property ("Motion to Extend Time") . See Dkt. Nos. 25 and 26.

52. LH&M appeared at the hearing to approve the Motion to Extend Time. On February 25, 2020, an Order was entered extending the Debtor's time to assume, assume and assign or reject the unexpired non-residential real property lease. See Dkt. No. 28.

53. Thereafter, LH&M prepared, filed and served a motion authorizing and approving the Debtor's assumption of a certain non-residential property lease ("Motion to Assume"). See Dkt. Nos. 39 and 40.

54. LH&M appeared telephonically in support of the Motion to Assume. On July 27, 2020, an Order was entered authorizing the Debtor to assume the Lease. See Dkt. No. 41.

55. On August 27, 2020, LH&M prepared, filed and served a motion to dismiss the Chapter 11 case ("Motion to Dismiss"). See Dkt Nos. 42 and 43. The Motion to Dismiss is scheduled to be heard before this Court on September 21, 2020.

### D. Operating Reports [4.20 hours]

56. LH&M assisted the Debtor with the review, completion and filing of all operating reports in this case during the Application Period.

### E. Petition and Schedules [12.50]

57. LH&M assisted the Debtor with the compilation and review of all information and documents necessary to prepare and file the schedules and statement of financial affairs in this case.

58.  LH&M assisted the Debtor with the preparation and filing of its amended schedules.

### F.  Retentions [2.30 hours]

59.  The Debtor required the services of LH&M and LH&M assisted the Debtor with and prepared the employment application therefor.

60.  By Order entered December 18, 2019, the Court approved the retention of LH&M as its bankruptcy counsel pursuant to section 327(a) of the Bankruptcy Code.  See Dkt. No. 19.

### G.  Miscellaneous [5.00 hours]

61.  During the Application Period, LH&M also: (a) traveled to and from the Court for hearings and conferences [2.0 hours]; and (b) prepared the instant Fee Application (3.00 hours).

## THE APPLICATION SHOULD BE GRANTED

62.  Based upon LH&M having rendered the foregoing necessary legal services, LH&M submits that such legal services were efficient, economical and beneficial to the Debtor's estate.  LH&M's rendering of legal counsel and services to the Debtor has resulted in the Debtor being in a very strong position to continue its Business operations and continue to pursue a sale of the Business.  During COVID-19, the Debtor continues to provide invaluable services by retaining its employees and delivering food to the community.

63.  LH&M respectfully submits that an examination of the specific services rendered on behalf of the Debtor in light of the applicable statutory provisions and case law demonstrates that this Application should be granted.

### A.  Legal Services

64.  Pursuant to § 330 of the Bankruptcy Code, after notice and a hearing the Bankruptcy Court may award a professional person employed under section 327 "(A)

reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person employed by any such [attorney]; and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A) and (B).  The statute further provides that [i]n determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including-

- A. the time spent on such services;
- B. the rates charged for such services;
- C. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
- D. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and …
- F. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11  U.S.C. § 330(a)(3).

65.    To determine whether an allowance of compensation and reimbursement of expenses is warranted under sections 330 and 331 of the Bankruptcy Code, the Court must inquire into the following three general areas:

- a. Are the services that are the subject of the application properly compensable as legal services?
- b. If so, were they necessary and is the performance of necessary tasks adequately documented?
- c. If so, how will they be valued?  Were the necessary tasks performed within a reasonable amount of time and what is the reasonable value of that time?

In re Navis Realty, Inc., 126 B.R. 137, 140 (Bankr. E.D.N.Y. 1991) (citing In re Wildman, 72 B.R. 700, 704-05 (Bankr. N.D. Ill. 1987) and In re Shades of Beauty, Inc., 56 B.R. 946 (Bankr. E.D.N.Y. 1986), aff'd, 95 B.R. 17 (E.D.N.Y. 1988)). See also, In re Poseidon Pools of America, 216 B.R. 98, 100 (E.D.N.Y. 1997) (affirming lower court and holding Bankruptcy Judge properly examined time entries to determine "(1) whether the services were adequately documented and (2) whether they were actual and necessary.").

### B.   Properly Compensable Legal Services

66.   The services rendered by LH&M, as outlined above, are legal services and are properly compensable as such.  In making this determination, "the threshold question should be whether the services performed were those which one not licensed to practice law could properly perform for another for compensation." In re Shades of Beauty, 56 B.R. at 949 (citing In re Meade Land & Development Co., Inc., 527 F.2d 280, 284-85 (3d Cir. 1975)).

67.   As described more fully above, LH&M performed legal services relating to discrete legal tasks.  The services for which LH&M seeks compensation "are not those generally performed by a trustee [or debtor in possession] without the assistance of an attorney." In re Minton Group, Inc., 33 B.R. 38, 40 (Bankr. S.D.N.Y. 1983).

### C.   Necessary and Actual Services

68.   The legal services performed by LH&M were also "actual" and "necessary" within the meaning of section 330(a)(1) of the Bankruptcy Code. See 11 U.S.C. 330(a)(1) ("[T]he court may award to a . . . professional person . . . (A) reasonable compensation for actual, necessary services rendered . . . ."); See also, In re Wildman, 72 B.R. at 707-08 ("The primary objective of any fee petition is to reveal sufficient data to enable the Court to determine whether the services rendered were . . . actual and necessary."). As the detailed time records

indicate, LH&M "actually" performed the legal services for which it is now seeking compensation. See, In re Wildman, 72 B.R. at 707; In re Shades of Beauty, 56 B.R. at 950.

69.  It is incumbent on the attorney seeking compensation to prove the necessity of his or her services by showing that such services were reasonably likely to benefit the estate. The "necessary" standard is construed broadly and

> Whether services are necessary is determined from the perspective of the time at which the services were rendered. . . . In the Second Circuit, the "necessary" standard in section 330 is given a broad interpretation. Services are "necessary" if they benefit the estate. . . . The test considers whether services provided were "reasonably likely to benefit the estate." The test is objective, considering the services that a reasonable lawyer would have performed in the same circumstances.

In re Kohl, 421 B.R. 115, 125 (Bankr. S.D.NY. 2009) (citations omitted); see In re Value City Holdings, Inc., 436 B.R. 300, 305 (Bankr. S.D.N.Y. 2010) ("In evaluating the award of professional fees, courts objectively consider whether the services rendered were reasonably likely to benefit the estate from the perspective of the time when such services were rendered" (citing Kohl, 421 B.R. at 125)). Here, all of the services performed by LH&M were reasonably likely to benefit the estate and did, in fact, benefit the Debtor's estate.

70.  All of the services performed by LH&M were necessary and beneficial to the Debtor's estate.  LH&M performed services necessary for the Debtor to administer this case as a debtor in possession.

71.  Based on the above, as well as the detailed Time Records, LH&M respectfully submits that it has adequately explained "how" and "why" its legal services on behalf of the Debtor were rendered and that such services were actual and necessary.

**D.**     **Value of Services/Extent of Compensation**

72.  LH&M provided the Debtor and its estate with effective and competent

representation at a reasonable cost.  In determining the value of legal services and the extent of compensation, this Court should consider whether the tasks were performed within a reasonable number of hours; whether the requested hourly rate was reasonable; and the cost of comparable services other than in a case under the Bankruptcy Code.  See, In re Wiedau's, Inc., 78 B.R. 904, 909 (Bankr. S.D. Ill. 1987); In re Shades of Beauty, Inc., 56 B.R. at 951; In re Wildman, 72 B.R. at 700-01.  Legal services for which a firm seeks compensation should be judged by a "standard of economy" which rewards attorneys for "efficiency." In re Shades of Beauty, Inc., 56 B.R. at 951.   LH&M submits that the requested compensation is based upon the customary compensation charged by comparably skilled practitioners in cases other than cases under Title 11.

### E.    Reimbursement of Expenses

73. It is respectfully submitted that the Court should also allow LH&M reimbursement for its expenses as set forth on Exhibit "C". See In re Poseidon Pools of America, 216 B.R. at 101 ("Bankruptcy Courts . . . often allow reimbursement of expenses."). The charges for which LH&M seeks reimbursement are not included in the firm's overhead and none of the charges for which LH&M seeks reimbursement are being charged above cost to the firm.  Accordingly, allowing such reimbursement will not result in an "estate [being] unnecessarily burdened, and a law firm undeservedly benefitted." See In re Croton River Club, Inc., 162 B.R. 656, 662 (Bankr. S.D.N.Y. 1993) aff'd, 162 B.R. 648 (S.D.N.Y. 1993).  Rather, LH&M is asking only to be reimbursed for its actual out-of-pocket expenses.  On that basis, reimbursement for the requested expenses is appropriate and should be allowed.

### F.    No Prior Application or Agreement

74. No prior application for the relief requested herein has been made to this or any

.0on of the Debtor in the instant case.

75. No division of compensation will be made by LH&M and no action prohibited by § 504 of the Bankruptcy Code has been or will be made by LH&M.

76. No prior application has been made to this Court or to any other Court for the relief requested herein.

## CONCLUSION

**WHEREFORE**, LH&M requests entry of an order:

(A) approving the application of $38,950.00[2] for compensation for legal services rendered during the Application Period;

(B) approving the request for reimbursement of LH&M's out-of-pocket expenses in the amount of $2,298.40;

(C) authorizing the application of the unused portion of the retainer in the amount of $13,882.50, and authorizing the application of the filing fee in the amount of $1,717.00, approving payment to LH&M for legal fees in the amount of $25,067.50 and the reimbursement of expenses in the amount of $581.40, for a total award of fees and expenses from the estate in the total amount of $25,648.90; and

(D) granting such other and further relief as this Court may deem just and proper.

Dated: August 27, 2020
Wantagh, New York

Respectfully submitted,

**LAMONICA HERBST & MANISCALCO, LLP**
Counsel for the Debtor
By: *s/Melanie A. FitzGerald*
Melanie A. FitzGerald, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500

---

[2] LH&M requests authorization to apply the retainer of $13,882.50 and filing fee of $1,717.00 toward the fees and expenses as allowed.